## Jouria v. Education Commission for Foreign Medical Graduates

*Michael B. Tolcott* and *Gilbert B. Abramson,* for plaintiff.

*Elisa P. McEnroe* and *Brian W. Shaffer,* for defendant.

SHEPPARD, *J.,* June 23, 2010—Plaintiff, Jassin M. Jouria M.D. seeks to enjoin defendant, Education Commission for Foreign Medical Graduates (ECFMG) from permanently revoking his ECFMG medical certification thereby preventing him from pursuing a career as a doctor in the United States. Presently, before the court is Jouria's motion for preliminary injunction.

Jouria is a graduate of Ross University Medical School, which conducts the core of its curriculum on the Caribbean island of Dominica.[1] ECFMG is a private, not-for-profit organization, created to assess whether international medical school graduates are prepared to enter accredited medical residency or fellowship programs in the United States.[2] As it relates to this case, ECFMG fulfills two primary roles: (1) subject to successful completion of various examinations, it provides international medical school graduates with a certificate indicating to United States residency and fellowship programs that these applicants have the ECFMG "stamp of approval" and (2) it processes assorted forms of documentation, such as letters of recommendation, and submits them to the Association of American Medical Colleges'

---

1. Jouria brief in support of motion for preliminary pnjunction, p. 1.

2. ECFMG response in opposition to motion for preliminary injunction, p. 3.

electronic residency application service.[3] Essentially, in this second function ECFMG serves the same role as a dean's office for those international students applying to post-graduate programs in the United States.[4]

Upon graduation from Ross University School of Medicine in Dominica, Jouria sat for the ECFMG examinations and completed them with a passing scores.[5] In conjunction with these tests, Jouria also submitted his medical school diploma to ECFMG for verification, which was later determined to have met the standards for certification.[6] Accordingly, ECFMG issued Jouria a certificate on May 1, 2007.[7]

In addition to the ECFMG examinations, and verification of medical school diplomas, ECFMG certifications are issued subject to its policy regarding "irregular behavior."[8] In pertinent part, "*[i]rregular behavior* includes all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or examinee, or any other person that would or could subvert the examination, certification or other processes of the ECFMG."[9] Further, "[a] determination of irregular behavior shall be sufficient cause for ECFMG to bar an individual from future examinations, to withhold and/or invalidate the results of an examination, to withhold an ECFMG certificate, to re-

---

3. *Id.* at 4.
4. *Id.*
5. *Id.* at 6.
6. *Id.*
7. *Id.*
8. *Id.* at exhibit 1, page 1 of 3.
9. *Id.* (emphasis in original)

voke an ECFMG certificate, or to take other appropriate action." [10]

In early 2008, it was brought to ECFMG's attention that Jouria engaged in irregular behavior by submitting inauthentic letters of recommendation with his application for residency programs in the United States. [11] Jouria's conduct was considered by the ECFMG medical education credentials committee, and Jouria was afforded the opportunity to both appear before them in his own defense, and to submit written materials in support of his position. [12] Following this process, the committee decided to revoke *permanently* Jouria's ECFMG certificate. [13] Jouria appealed that decision of the committee, but the decision was upheld. [14]

On September 3, 2009, Jouria filed this injunction action, alleging that ECFMG is liable for breach of contract, as well as tortious interference with contractual relations. Further, Jouria seeks an injunction reinstating his ECFMG certificate. On January 26, 2010, a hearing was held including pertinent testimony and arguments concerning the motion for preliminary injunction.

## DISCUSSION

The purpose of a preliminary injunction is to "prevent irreparable injury or gross injustice by preserving the

---

10. *Id.*

11. Jouria brief in support of motion for preliminary injunction, p. 3.

12. ECFMG response in opposition to motion for preliminary injunction, p. 8.

13. *Id.* at 9.

14. *Id.*

status quo as it exists or as it previously existed before the acts complained of in the complaint."[15] A plaintiff seeking a preliminary injunction must establish that:

"(1) relief is necessary to prevent immediate and irreparable harm;

"(2) a greater injury will occur from refusing the injunction than from granting it;

"(3) the injunction will restore the parties to the status quo;

"(4) the alleged wrong is manifest and the injunction is reasonably suited to abate it; and

"(5) the plaintiff's right to relief is clear."[16]

In this case, Jouria has met the requirements needed for a preliminary injunction. Accordingly, his motion should be granted.

Jouria presently suffers immediate and irreparable harm because he cannot submit a meaningful application to residency or fellowship programs in the United States without the ECFMG certification. This application deficiency occurs because the overwhelming majority of post-graduate medical programs require ECFMG certification, and applicants will not be considered without it.[17] As a result, Jouria cannot earn an income in that area

---

15. *Ambrogi v. Reber*, 932 A.2d 969, 974 (Pa. Super. 2007) (quoting *Anchel v. Shea*, 762 A.2d 346, 351 (Pa. Super. 2000).

16. *Id.* at 976.

17. ECFMG argues that it is the post-graduate medical programs that have determined the importance of certification, and that ECFMG is not responsible for Jouria's inability to submit a meaningful application. ECFMG motion in further opposition to plaintiff's motion for preliminary injunction, p. 2. However, this court feels differently, and

he has studied long and hard for. An even more pressing and immediate concern is that he will lose those necessary contacts within the medical profession as this matter continues to progress through the judicial system. These professional contacts are a critical source of positive references and connection to the medical community. As time passes, these relationships are more difficult to restore. Moreover, the loss of personal and professional connection to colleagues within the community is not a harm that can be repaired monetarily. Lost time and lost opportunities are not easily made up, and Jouria has already been subjected to this punishment for over three years.

If certification status is not restored, greater injury will occur from refusing the injunction than from granting it. Without certification from ECFMG, Jouria is effectively barred from submitting a meaningful application to any United States residency or fellowship programs. Jouria has spent significant time and monies throughout his life, studying medicine and cultivating relationships within the medical profession. He has successfully passed all medical school examinations, and ECFMG examinations. Academically, he has demonstrated that he can succeed as a medical professional. If the injunction is denied, Jouria will virtually be barred from practicing medicine in the United States. If, however, the injunction is granted, there is no other person or institution that would suffer harm this significant. Accordingly, it is

does not believe it is of consequence who mandates the importance of the certification, but rather, the fact that it is required at all makes the permanent decertification of Jouria too severe for reasons discussed later in this opinion.

evident that greater harm occurs from refusing the injunction.

By restoring Jouria's certification, the parties revert back to the status quo insofar as Jouria can now apply to residency and fellowship programs, *but* with appropriate notations in his file regarding his irregular behavior, and the medical school or program will be free to consider his application independently and determine if he is suited for their program. This change in certification status does not impact either party's ability to argue the merits of the underlying legal challenge, and justice is best served by restoring certification now.

The court suggests that this issue is, in some respects, like a restrictive covenant in an employment agreement which imposes time-based and geographic limits on when and where an employee may work following a separation from their employer. One of the basic considerations used to determine the legality of this instrument is to determine if the restrictive covenant is "reasonably limited in duration and geographic extent."[18] Here, ECFMG's decision to revoke, *"forever"* Jouria's certification has the dramatic effect of preventing him from submitting a meaningful application to post-graduate medical programs permanently. Without this certification, which Jouria has already earned by virtue of passing the relevant examinations, he is effectively barred from practicing medicine, in the United States, *forever*. Indeed, ECFMG's decision has profoundly affected Jouria's life these past three years.

---

18. *J.C. Ehrlich Co. Inc. v. Martin,* 979 A.2d 862, 864 (Pa. Super. 2009).

This court believes it worth discussing again the fact that permitting Jouria to make application to medical programs *in no way* guarantees his acceptance. It is, in this court's view, more appropriate to have the medical program leaders rather than ECFMG decide whether Jouria is qualified, notwithstanding, irregular behavior, for their program.

This court believes that it is time to give Jouria a second chance. This court believes that to keep Jouria from practicing medicine in the United States for his entire life is too harsh a punishment—and a result this court deems inappropriate under the circumstances presented.[19]

## CONCLUSION

For these reasons, Jouria's motion for injunctive relief is granted. An order consistent with this opinion is being filed.

## ORDER

And now, June 23, 2010, upon consideration of plaintiff, Jassin M. Jouria M.D.'s petition for injunctive relief, defendant, Education Commission for Foreign Medical Graduate's response in opposition, after a hearing and in accord with the contemporaneous opinion, it is ordered that plaintiff's petition for an injunction is granted.

Defendant, Education Commission for Foreign Medical Graduates' May 19, 2008 revocation of plaintiff's certification of May 1, 2007, is vacated. Further, the defendant shall reinstate plaintiff's May 1, 2007 certification.

---

19. Three years should be enough. Jouria exhibited remorse for his conduct at the hearing. Presumably, he has learned his lesson.